1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| REFORMATION PUBLISHING CO., LTD., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ROB JUAREZ,<br>　　　　　　Defendant. | Case No. 2:17-cv-5365-JFW (Ex)<br><br>PROTECTIVE ORDER |
|---|---|

17    1.    A. <u>PURPOSES AND LIMITATIONS</u>

18          As the parties have represented that discovery in this action is likely to

19    involve production of confidential, proprietary, or private information for which

20    special protection from public disclosure and from use for any purpose other than

21    prosecuting this litigation may be warranted, this Court enters the following

22    Protective Order.  This Order does not confer blanket protections on all disclosures

23    or responses to discovery.  The protection it affords from public disclosure and use

24    extends only to the limited information or items that are entitled to confidential

25    treatment under the applicable legal principles.  Further, as set forth in Section 12.3,

26    below, this Protective Order does not entitle the parties to file confidential

27    information under seal.  Rather, when the parties seek permission from the court to

28    ///

1  file material under seal, the parties must comply with Civil Local Rule 79-5 and

2  with any pertinent orders of the assigned District Judge and Magistrate Judge.

3        B. GOOD CAUSE STATEMENT

4        In light of the nature of the claims and allegations in this case and the parties'

5  representations that discovery in this case will involve the production of confidential

6  records, and in order to expedite the flow of information, to facilitate the prompt

7  resolution of disputes over confidentiality of discovery materials, to adequately

8  protect information the parties are entitled to keep confidential, to ensure that the

9  parties are permitted reasonable necessary uses of such material in connection with

10  this action, to address their handling of such material at the end of the litigation, and

11  to serve the ends of justice, a protective order for such information is justified in this

12  matter.  The parties shall not designate any information/documents as confidential

13  without a good faith belief that such information/documents have been maintained

14  in a confidential, non-public manner, and that there is good cause or a compelling

15  reason why it should not be part of the public record of this case.

16      2.    DEFINITIONS

17      2.1    Action:  The instant action: *Reformation Publishing Co., Ltd. et al. v.*

18  *Rob Juarez*, Central District of California Case No. 2:17-cv-5365-JFW (Ex).

19      2.2    Challenging Party:  a Party or Non-Party that challenges the

20  designation of information or items under this Order.

21      2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

22  how it is generated, stored or maintained) or tangible things that qualify for

23  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

24  the Good Cause Statement.

25      2.4    "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

26  Information or Items:  extremely sensitive "CONFIDENTIAL" Information or

27  Items, the disclosure of which to another Party or Non-Party would create a

28  substantial risk of serious harm that could not be avoided by less restrictive means.

///

2.5     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.7     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

///

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time

4

pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations.   Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page that contains protected material. If

1   only a portion or portions of the material on a page qualifies for protection, the

2   Producing Party also must clearly identify the protected portion(s) (e.g., by making

3   appropriate markings in the margins).

4        A Party or Non-Party that makes original documents available for inspection

5   need not designate them for protection until after the inspecting Party has indicated

6   which documents it would like copied and produced. During the inspection and

7   before the designation, all of the material made available for inspection shall be

8   deemed "CONFIDENTIAL." After the inspecting Party has identified the

9   documents it wants copied and produced, the Producing Party must determine which

10   documents, or portions thereof, qualify for protection under this Order. Then,

11   before producing the specified documents, the Producing Party must affix the

12   "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

13   ONLY" legend to each page that contains Protected Material. If only a portion or

14   portions of the material on a page qualifies for protection, the Producing Party also

15   must clearly identify the protected portion(s) (e.g., by making appropriate markings

16   in the margins).

17        (b)  for testimony given in depositions that the Designating Party identifies

18   on the record, before the close of the deposition as protected testimony.

19        (c)  for information produced in some form other than documentary and

20   for any other tangible items, that the Producing Party affix in a prominent place on

21   the exterior of the container or containers in which the information is stored the

22   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS'

23   EYES ONLY." If only a portion or portions of the information warrants protection,

24   the Producing Party, to the extent practicable, shall identify the protected portion(s).

25        5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

26   failure to designate qualified information or items does not, standing alone, waive

27   the Designating Party's right to secure protection under this Order for such material.

28   Upon timely correction of a designation, the Receiving Party must make reasonable

1    ///

2    efforts to assure that the material is treated in accordance with the provisions of this

3    Order.

4          6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5          6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

6    designation of confidentiality at any time that is consistent with the Court's

7    Scheduling Order.

8          6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

9    resolution process under Local Rule 37-1 et seq.

10         6.3    The burden of persuasion in any such challenge proceeding shall be on

11   the Designating Party.  Frivolous challenges, and those made for an improper

12   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

13   parties) may expose the Challenging Party to sanctions.  Unless the Designating

14   Party has waived or withdrawn the confidentiality designation, all parties shall

15   continue to afford the material in question the level of protection to which it is

16   entitled under the Producing Party's designation until the Court rules on the

17   challenge.

18         7.    ACCESS TO AND USE OF PROTECTED MATERIAL

19         7.1    Basic Principles.  A Receiving Party may use Protected Material that is

20   disclosed or produced by another Party or by a Non-Party in connection with this

21   Action only for prosecuting, defending, or attempting to settle this Action.  Such

22   Protected Material may be disclosed only to the categories of persons and under the

23   conditions described in this Order. When the Action has been terminated, a

24   Receiving Party must comply with the provisions of Section 13 below.

25         Protected Material must be stored and maintained by a Receiving Party at a

26   location and in a secure manner that ensures that access is limited to the persons

27   authorized under this Order.

28         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

1   otherwise ordered by the court or permitted in writing by the Designating Party, a

2   Receiving Party may disclose any information or item designated

3   "CONFIDENTIAL" only to:

4        (a)  the Receiving Party's Outside Counsel of Record in this Action, as

5   well as employees of said Outside Counsel of Record to whom it is reasonably

6   necessary to disclose the information for this Action;

7        (b)  the officers, directors, and employees (including House Counsel) of

8   the Receiving Party to whom disclosure is reasonably necessary for this Action;

9        (c)  Experts (as defined in this Order) of the Receiving Party to whom

10  disclosure is reasonably necessary for this Action and who have signed the

11  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12       (d)  the court and its personnel;

13       (e)  private court reporters and their staff to whom disclosure is reasonably

14  necessary for this Action and who have signed the "Acknowledgment and

15  Agreement to Be Bound" (Exhibit A);

16       (f)  professional jury or trial consultants, mock jurors, and Professional

17  Vendors to whom disclosure is reasonably necessary for this Action and who have

18  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19       (g)  the author or recipient of a document containing the information or a

20  custodian or other person who otherwise possessed or knew the information;

21       (h)  during their depositions, witnesses, and attorneys for witnesses, in the

22  Action to whom disclosure is reasonably necessary provided:  (1) the deposing party

23  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

24  (Exhibit A); and (2) they will not be permitted to keep any confidential information

25  unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

26  unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

27  transcribed deposition testimony or exhibits to depositions that reveal Protected

28  Material may be separately bound by the court reporter and may not be disclosed to

1  anyone except as permitted under this Protective Order; and

2        (i)  any mediator or settlement officer, and their supporting personnel,

3  mutually agreed upon by any of the parties engaged in settlement discussions.

4      7.3   Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

5  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

6  writing by the Designating Party, a Receiving Party may disclose any information or

7  item designated "CONFIDENTIAL" only to:

8      (a)  the Receiving Party's Outside Counsel of Record in this Action, as well

9  as employees of said Outside Counsel of Record to whom it is reasonably necessary

10  to disclose the information for this Action;

11      (b)  Experts (as defined in this Order) of the Receiving Party to whom

12  disclosure is reasonably necessary for this Action and who have signed the

13  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14      (c)  the court and its personnel;

15      (d)  private court reporters and their staff to whom disclosure is reasonably

16  necessary for this Action and who have signed the "Acknowledgment and

17  Agreement to Be Bound" (Exhibit A);

18      (e)  professional jury or trial consultants, mock jurors, and Professional

19  Vendors to whom disclosure is reasonably necessary for this Action and who have

20  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21      (f)  the author or recipient of a document containing the information or a

22  custodian or other person who otherwise possessed or knew the information; and

23      (g)  any mediator or settlement officer, and their supporting personnel,

24  mutually agreed upon by any of the parties engaged in settlement discussions.

25      8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED

26         PRODUCED IN OTHER LITIGATION

27      If a Party is served with a subpoena or a court order issued in other litigation

28  that compels disclosure of any information or items designated in this Action as

9

///

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

 (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

 (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

 (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

 (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as

1  prohibiting a Non-Party from seeking additional protections.

2        (b) In the event that a Party is required, by a valid discovery request, to

3  produce a Non-Party's confidential information in its possession, and the Party is

4  subject to an agreement with the Non-Party not to produce the Non-Party's

5  confidential information, then the Party shall:

6        (1) promptly notify in writing the Requesting Party and the Non-Party

7  that some or all of the information requested is subject to a confidentiality

8  agreement with a Non-Party;

9        (2) promptly provide the Non-Party with a copy of the Protective

10  Order in this Action, the relevant discovery request(s), and a reasonably specific

11  description of the information requested; and

12        (3) make the information requested available for inspection by the

13  Non-Party, if requested.

14        (c) If a Non-Party represented by counsel fails to commence the process

15  called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the

16  notice and accompanying information or fails contemporaneously to notify the

17  Receiving Party that it has done so, the Receiving Party may produce the Non-

18  Party's confidential information responsive to the discovery request. If an

19  unrepresented Non-Party fails to seek a protective order from this court within 14

20  days of receiving the notice and accompanying information, the Receiving Party

21  may produce the Non-Party's confidential information responsive to the discovery

22  request. If the Non-Party timely seeks a protective order, the Receiving Party shall

23  not produce any information in its possession or control that is subject to the

24  confidentiality agreement with the Non-Party before a determination by the court

25  unless otherwise required by the law or court order. Absent a court order to the

26  contrary, the Non-Party shall bear the burden and expense of seeking protection in

27  this court of its Protected Material.

28  ///

1   ///

2       10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

4   Protected Material to any person or in any circumstance not authorized under this

5   Protective Order, the Receiving Party must immediately (a) notify in writing the

6   Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

7   all unauthorized copies of the Protected Material, (c) inform the person or persons to

8   whom unauthorized disclosures were made of all the terms of this Order, and

9   (d) request such person or persons to execute the "Acknowledgment and Agreement

10  to Be Bound" (Exhibit A).

11      11.   INADVERTENT PRODUCTION OF PRIVILEGED OR

12            OTHERWISE PROTECTED MATERIAL

13      When a Producing Party gives notice to Receiving Parties that certain

14  inadvertently produced material is subject to a claim of privilege or other protection,

15  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

16  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

17  procedure may be established in an e-discovery order that provides for production

18  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

19  (e), insofar as the parties reach an agreement on the effect of disclosure of a

20  communication or information covered by the attorney-client privilege or work

21  product protection, the parties may incorporate their agreement into this Protective

22  Order.

23      12.   MISCELLANEOUS

24      12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

25  person to seek its modification by the Court in the future.

26      12.2   Right to Assert Other Objections.  No Party waives any right it

27  otherwise would have to object to disclosing or producing any information or item

28  on any ground not addressed in this Protective Order.  Similarly, no Party waives

1     any right to object on any ground to use in evidence of any of the material covered

2     by this Protective Order.

3         12.3    Filing Protected Material.    A Party that seeks to file under seal any

4     Protected Material must comply with Civil Local Rule 79-5 and with any pertinent

5     orders of the assigned District Judge and Magistrate Judge.    Protected Material may

6     only be filed under seal pursuant to a court order authorizing the sealing of the

7     specific Protected Material at issue.   If a Party's request to file Protected Material

8     under seal is denied by the court, then the Receiving Party may file the information

9     in the public record unless otherwise instructed by the court.

10         13.    FINAL DISPOSITION

11         After the final disposition of this Action, as defined in Section 4, within 60

12     days of a written request by the Designating Party, each Receiving Party must return

13     all Protected Material to the Producing Party or destroy such material.   As used in

14     this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

15     summaries, and any other format reproducing or capturing any of the Protected

16     Material.   Whether the Protected Material is returned or destroyed, the Receiving

17     Party must submit a written certification to the Producing Party (and, if not the same

18     person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

19     (by category, where appropriate) all the Protected Material that was returned or

20     destroyed and (2) affirms that the Receiving Party has not retained any copies,

21     abstracts, compilations, summaries or any other format reproducing or capturing any

22     of the Protected Material.   Notwithstanding this provision, Counsel are entitled to

23     retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

24     transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

25     reports, attorney work product, and consultant and expert work product, even if such

26     materials contain Protected Material.   Any such archival copies that contain or

27     constitute Protected Material remain subject to this Protective Order as set forth in

28     Section 4.

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO ORDERED.

DATED: 1/17/18

Charles F. Eick
United States Magistrate Judge

14

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on

_____ in the case of *Reformation Publishing Co., Ltd. et*

*al. v. Rob Juarez*, Case No. 2:17-cv-5365-JFW (Ex).  I agree to comply with and to

be bound by all the terms of this Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order or redressing any breach thereof, even if such enforcement

proceedings occur after termination of this action.  I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ~~Plaintiff~~REFORMATION PUBLISHING CO., LTD., et al., <br> Plaintiffs, <br><br> v. <br><br> ~~Defendants~~ROB JUAREZ, <br> Defendant. | Case No. ~~CV~~ 2:17-cv-5365-JFW (Ex) <br><br> PROTECTIVE ORDER |

1. A. PURPOSES AND LIMITATIONS

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential

1    information under seal.  Rather, when the parties seek permission from the court to
2    ///
3    file material under seal, the parties must comply with Civil Local Rule 79-5 and
4    with any pertinent orders of the assigned District Judge and Magistrate Judge.
5         B. GOOD CAUSE STATEMENT
6              In light of the nature of the claims and allegations in this case and the parties'
7    representations that discovery in this case will involve the production of confidential
8    records, and in order to expedite the flow of information, to facilitate the prompt
9    resolution of disputes over confidentiality of discovery materials, to adequately
10   protect information the parties are entitled to keep confidential, to ensure that the
11   parties are permitted reasonable necessary uses of such material in connection with
12   this action, to address their handling of such material at the end of the litigation, and
13   to serve the ends of justice, a protective order for such information is justified in this
14   matter.  The parties shall not designate any information/documents as confidential
15   without a good faith belief that such information/documents have been maintained
16   in a confidential, non-public manner, and that there is good cause or a compelling
17   reason why it should not be part of the public record of this case.
18        2.   DEFINITIONS
19        2.1   Action:  The instant action:  ————————————.*Reformation*
20   *Publishing Co., Ltd. et al. v. Rob Juarez*, Central District of California Case No.
21   2:17-cv-5365-JFW (Ex).
22        2.2   Challenging Party:  a Party or Non-Party that challenges the
23   designation of information or items under this Order.
24        2.3   "CONFIDENTIAL" Information or Items:  information (regardless of
25   how it is generated, stored or maintained) or tangible things that qualify for
26   protection under Federal Rule of Civil Procedure 26(c), and as specified above in
27   the Good Cause Statement.
28        2.4   "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

2

Information or Items:  extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

///

2.5   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.7   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9   House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their

3

support staffs).

    2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

///

    2.14   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.15   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

    2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

    3.   SCOPE

    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

    Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

    4.   DURATION

    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

4

1   or without prejudice; and (2) final judgment herein after the completion and

2   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

3   including the time limits for filing any motions or applications for extension of time

4   pursuant to applicable law.

5       5.    DESIGNATING PROTECTED MATERIAL

6       5.1   Exercise of Restraint and Care in Designating Material for Protection.

7   Each Party or Non-Party that designates information or items for protection under

8   this Order must take care to limit any such designation to specific material that

9   qualifies under the appropriate standards. The Designating Party must designate for

10  protection only those parts of material, documents, items, or oral or written

11  communications that qualify so that other portions of the material, documents,

12  items, or communications for which protection is not warranted are not swept

13  unjustifiably within the ambit of this Order.

14      Mass, indiscriminate, or routinized designations are prohibited. Designations

15  that are shown to be clearly unjustified or that have been made for an improper

16  purpose (e.g., to unnecessarily encumber the case development process or to impose

17  unnecessary expenses and burdens on other parties) may expose the Designating

18  Party to sanctions.

19      If it comes to a Designating Party's attention that information or items that it

20  designated for protection do not qualify for protection, that Designating Party must

21  promptly notify all other Parties that it is withdrawing the inapplicable designation.

22      5.2   Manner and Timing of Designations. Except as otherwise provided in

23  this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise

24  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

25  under this Order must be clearly so designated before the material is disclosed or

26  produced.

27      Designation in conformity with this Order requires:

28          (a)  for information in documentary form (e.g., paper or electronic

5

1   documents, but excluding transcripts of depositions), that the Producing Party affix

2   at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

3   ATTORNEYS' EYES ONLY" to each page that contains protected material.  If

4   only a portion or portions of the material on a page qualifies for protection, the

5   Producing Party also must clearly identify the protected portion(s) (e.g., by making

6   appropriate markings in the margins).

7        A Party or Non-Party that makes original documents available for inspection

8   need not designate them for protection until after the inspecting Party has indicated

9   which documents it would like copied and produced. During the inspection and

10  before the designation, all of the material made available for inspection shall be

11  deemed "CONFIDENTIAL." After the inspecting Party has identified the

12  documents it wants copied and produced, the Producing Party must determine which

13  documents, or portions thereof, qualify for protection under this Order.  Then,

14  before producing the specified documents, the Producing Party must affix the

15  "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

16  ONLY" legend to each page that contains Protected Material.  If only a portion or

17  portions of the material on a page qualifies for protection, the Producing Party also

18  must clearly identify the protected portion(s) (e.g., by making appropriate markings

19  in the margins).

20       (b)  for testimony given in depositions that the Designating Party identifies

21  on the record, before the close of the deposition as protected testimony.

22       (c)  for information produced in some form other than documentary and

23  for any other tangible items, that the Producing Party affix in a prominent place on

24  the exterior of the container or containers in which the information is stored the

25  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS'

26  EYES ONLY." If only a portion or portions of the information warrants protection,

27  the Producing Party, to the extent practicable, shall identify the protected portion(s).

28       5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

6

1   failure to designate qualified information or items does not, standing alone, waive

2   the Designating Party's right to secure protection under this Order for such material.

3   Upon timely correction of a designation, the Receiving Party must make reasonable

4   ///

5   efforts to assure that the material is treated in accordance with the provisions of this

6   Order.

7        6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

9   designation of confidentiality at any time that is consistent with the Court's

10  Scheduling Order.

11       6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

12  resolution process under Local Rule 37-1 et seq.

13       6.3    The burden of persuasion in any such challenge proceeding shall be on

14  the Designating Party. Frivolous challenges, and those made for an improper

15  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

16  parties) may expose the Challenging Party to sanctions. Unless the Designating

17  Party has waived or withdrawn the confidentiality designation, all parties shall

18  continue to afford the material in question the level of protection to which it is

19  entitled under the Producing Party's designation until the Court rules on the

20  challenge.

21       7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

22       7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

23  disclosed or produced by another Party or by a Non-Party in connection with this

24  Action only for prosecuting, defending, or attempting to settle this Action. Such

25  Protected Material may be disclosed only to the categories of persons and under the

26  conditions described in this Order. When the Action has been terminated, a

27  Receiving Party must comply with the provisions of Section 13 below.

28       Protected Material must be stored and maintained by a Receiving Party at a

1   location and in a secure manner that ensures that access is limited to the persons

2   authorized under this Order.

3       7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

4   otherwise ordered by the court or permitted in writing by the Designating Party, a

5   Receiving Party may disclose any information or item designated

6   "CONFIDENTIAL" only to:

7           (a)  the Receiving Party's Outside Counsel of Record in this Action, as

8   well as employees of said Outside Counsel of Record to whom it is reasonably

9   necessary to disclose the information for this Action;

10          (b)  the officers, directors, and employees (including House Counsel) of

11  the Receiving Party to whom disclosure is reasonably necessary for this Action;

12          (c)  Experts (as defined in this Order) of the Receiving Party to whom

13  disclosure is reasonably necessary for this Action and who have signed the

14  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15          (d)  the court and its personnel;

16          (e)  private court reporters and their staff to whom disclosure is reasonably

17  necessary for this Action and who have signed the "Acknowledgment and

18  Agreement to Be Bound" (Exhibit A);

19          (f)  professional jury or trial consultants, mock jurors, and Professional

20  Vendors to whom disclosure is reasonably necessary for this Action and who have

21  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22          (g)  the author or recipient of a document containing the information or a

23  custodian or other person who otherwise possessed or knew the information;

24          (h)  during their depositions, witnesses, and attorneys for witnesses, in the

25  Action to whom disclosure is reasonably necessary provided:  (1) the deposing party

26  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

27  (Exhibit A); and (2) they will not be permitted to keep any confidential information

28  unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

8

unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the court and its personnel;

(d)  private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED

<u>PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

///

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

10

1   CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such information produced by

2   Non-Parties in connection with this litigation is protected by the remedies and relief

3   provided by this Order. Nothing in these provisions should be construed as

4   prohibiting a Non-Party from seeking additional protections.

5          (b)  In the event that a Party is required, by a valid discovery request, to

6   produce a Non-Party's confidential information in its possession, and the Party is

7   subject to an agreement with the Non-Party not to produce the Non-Party's

8   confidential information, then the Party shall:

9               (1)  promptly notify in writing the Requesting Party and the Non-Party

10  that some or all of the information requested is subject to a confidentiality

11  agreement with a Non-Party;

12              (2)  promptly provide the Non-Party with a copy of the Protective

13  Order in this Action, the relevant discovery request(s), and a reasonably specific

14  description of the information requested; and

15              (3)  make the information requested available for inspection by the

16  Non-Party, if requested.

17          (c)  If a Non-Party represented by counsel fails to commence the process

18  called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the

19  notice and accompanying information or fails contemporaneously to notify the

20  Receiving Party that it has done so, the Receiving Party may produce the Non-

21  Party's confidential information responsive to the discovery request. If an

22  unrepresented Non-Party fails to seek a protective order from this court within 14

23  days of receiving the notice and accompanying information, the Receiving Party

24  may produce the Non-Party's confidential information responsive to the discovery

25  request. If the Non-Party timely seeks a protective order, the Receiving Party shall

26  not produce any information in its possession or control that is subject to the

27  confidentiality agreement with the Non-Party before a determination by the court

28  unless otherwise required by the law or court order. Absent a court order to the

11

1    contrary, the Non-Party shall bear the burden and expense of seeking protection in

2    this court of its Protected Material.

3    ///

4    ///

5        10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

6        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

7    Protected Material to any person or in any circumstance not authorized under this

8    Protective Order, the Receiving Party must immediately (a) notify in writing the

9    Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

10    all unauthorized copies of the Protected Material, (c) inform the person or persons to

11    whom unauthorized disclosures were made of all the terms of this Order, and

12    (d) request such person or persons to execute the "Acknowledgment and Agreement

13    to Be Bound" (Exhibit A).

14        11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR</u>

15              <u>OTHERWISE PROTECTED MATERIAL</u>

16        When a Producing Party gives notice to Receiving Parties that certain

17    inadvertently produced material is subject to a claim of privilege or other protection,

18    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

19    Procedure 26(b)(5)(B). This provision is not intended to modify whatever

20    procedure may be established in an e-discovery order that provides for production

21    without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and

22    (e), insofar as the parties reach an agreement on the effect of disclosure of a

23    communication or information covered by the attorney-client privilege or work

24    product protection, the parties may incorporate their agreement into this Protective

25    Order.

26        12.    <u>MISCELLANEOUS</u>

27        12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

28    person to seek its modification by the Court in the future.

12

12.2 <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

1  materials contain Protected Material.  Any such archival copies that contain or

2  constitute Protected Material remain subject to this Protective Order as set forth in

3  Section 4.

4      14.    Any violation of this Order may be punished by any and all appropriate

5  measures including, without limitation, contempt proceedings and/or monetary

6  sanctions.

7      IT IS SO ORDERED.

8  DATED:

9

10

11  _____

12

~~Honorable Jacqueline Chooljian~~
Charles F. Eick
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on

_____ in the case of

_____-*Reformation Publishing Co., Ltd. et*

*al. v. Rob Juarez*, Case No. 2:17-cv-5365-JFW (Ex). I agree to comply with and to

be bound by all the terms of this Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order or redressing any breach thereof, even if such enforcement

proceedings occur after termination of this action. I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

15

1
2   Signature: _____
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16