```
GRODSKY & OLECKI LLP
Allen B. Grodsky (SBN 111064)
allen@thegolawfirm.com
John J. Metzidis (SBN 259464)
john@thegolawfirm.com
2001 Wilshire Boulevard, Suite 210
Santa Monica, California 90403
Telephone: (310) 315-3009
Facsimile: (310) 315-1557

Attorneys for Plaintiffs Reformation
Publishing Company, Ltd. and Marbelow
Intellectual Properties
```

UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFORMATION PUBLISHING COMPANY, LTD., a United Kingdom company, and MARBELOW INTELLECTUAL PROPERTIES, a Monaco Société Civile,<br><br>Plaintiffs,<br><br>v.<br><br>ROB JUAREZ, a/k/a BOBBY GENE JUAREZ, d/b/a THE BOSS BOOKING AGENCY,<br><br>Defendant. | Case No. 2:17-CV-5365 JFW (Ex)<br><br>Before the Hon. John F. Walter<br><br>**STIPULATION FOR VOLUNTARY DISMISSAL SUBJECT TO CONDITIONS**<br><br>[*Proposed Order lodged concurrently herewith*]<br><br>Complaint Filed: July 20, 2017 |

Plaintiffs Reformation Publishing Company, Ltd. and Marbelow Intellectual Properties, MSC (together, "Plaintiffs"), by and through their undersigned counsel, on one hand, and Defendant Rob Juarez ("Juarez" and "Defendant"), in propria persona, on the other hand, enter into the following Stipulation for Voluntary Dismissal Subject to Conditions (the "Stipulation") with regard to the following facts:

WHEREAS on July 20, 2017, Plaintiffs filed a Complaint for Copyright Infringement, Trademark Infringement, Contributory Trademark Infringement, and False Designation of Origin (the "Complaint") against Juarez in the United States District Court for the Central District of California, Case No. 2:17-cv-05365-JFW (the "Action");

WHEREAS on November 7, 2017, Juarez filed an Answer to the Complaint, denying all allegations of wrongdoing and alleging various affirmative defenses;

WHEREAS Plaintiffs and Defendant desire to settle the disputes among them that were alleged in or arise from the claims and defenses alleged in the Action;

WHEREAS Plaintiffs and Defendant have signed a certain Settlement Agreement and Mutual Release (the "Settlement Agreement");

WHEREAS the Settlement Agreement includes the following provisions, among other terms:

- that Juarez is to pay Plaintiffs a sum certain, and that Juarez's payments are to be made monthly over the course of approximately two years;
- that the Action is to be dismissed with prejudice;
- that Juarez's payments are to be secured by a stipulated judgment in favor of Plaintiffs and against Juarez for a sum certain (the "Stipulated Judgment"), executed by Juarez concurrently with his execution of the Settlement Agreement;
- that Plaintiffs are to hold the Stipulated Judgment, and refrain from causing it to be entered so long as Juarez makes timely payments;

- that in the event Juarez fails to make a payment when due, and does not cure his default in a timely manner, Plaintiffs may apply to have the Stipulated Judgment entered by this Court (and will thereafter file a partial satisfaction of judgment that acknowledges any payments Juarez actually made pursuant to the Settlement Agreement);
- that Plaintiffs may thereafter execute upon and otherwise enforce the Stipulated Judgment, as entered; and
- that the effectiveness of the Settlement Agreement and the releases therein are contingent upon this Court's entering an order retaining jurisdiction for the purpose of enforcing the Settlement Agreement and, if necessary, entering the Stipulated Judgment in the event of Juarez's default.

NOW, THEREFORE, PLAINTIFFS AND DEFENDANT STIPULATE AND AGREE AS FOLLOWS:

1.  Pursuant to Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994), the parties request and consent to this Court's retaining jurisdiction over the Settlement Agreement for the purposes of enforcing the Settlement Agreement and, if necessary, entering the Stipulated Judgment in the event of Juarez's default or breach of his obligations under the Settlement Agreement.

2.  Subject to the condition that the Court enter an order retaining jurisdiction as specified above, the parties agree that the Action shall be dismissed with prejudice.

3.  This Stipulation is not effective unless and until the Court enters an order that, among other things, retains jurisdiction as specified above.

SO STIPULATED BY THE PARTIES:

| | | |
|---|---|---|
| 1 | Dated: 4-16-18 | GRODSKY & OLECKI LLP<br>Allen B. Grodsky<br>John J. Metzidis |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| 5 | | Allen B. Grodsky |
| 6 | | Attorneys for Plaintiffs Reformation Publishing Company, Ltd. and Marbelow Intellectual Properties, MSC |
| 7 | | |
| 8 | Dated: 4-16-18 | ROB JUAREZ, |
| 9 | | a/k/a Bobby Gene Juarez, d/b/a The Boss Booking Agency |
| 10 | | |
| 11 | | By: _____ |
| 12 | | Rob Juarez |
| 13 | | Defendant In Propria Persona |